IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA | **I N F O R M A T I O N** |
|---|---|
| v. | Case No. _____ |
| JOHNNA GOODIRON | Violations: 21 U.S.C. § 846 |

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances**

The United States Attorney Charges:

From in or about November 2022 to 2024, in the Districts of North Dakota, and elsewhere,

JOHNNA GOODIRON

did knowingly and intentionally combine, conspire, confederate, and agree with others, both known and unknown, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was further a part of said conspiracy that the defendants and others would and did distribute and possess with intent to distribute a mixture and substance containing

a detectable amount of fentanyl, a Schedule II controlled substance, on or near the Spirit Lake Indian Reservation in North Dakota, and elsewhere;

2.  It was further a part of said conspiracy that certain conspirators sought and located users of fentanyl to purchase controlled substances from other conspirators;

3.  It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of fentanyl for other conspirators;

4.  It was further a part of said conspiracy that one or more conspirators rented and occupied residential reentry centers, apartments, trailer homes, houses, and hotel rooms in North Dakota, and elsewhere, from which to store, possess, and distribute fentanyl;

5.  It was further a part of said conspiracy that conspirators utilized residences on the Spirit Lake Indian Reservation in North Dakota, and elsewhere, to store, conceal, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct;

6.  It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase fentanyl;

7.  It was further a part of said conspiracy that one or more conspirators would and did attempt to conceal their activities;

8.  It was further a part of said conspiracy that one or more conspirators would and did use United States currency in their drug transactions;

9. It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of fentanyl; and

10. It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including but not limited to Facebook, to facilitate the distribution of fentanyl;

In violation of Title 21, United States Code, Section 846, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946)).

                                                                                                    _____
                                                                                                    JENNIFER KLEMETSRUD PUHL
                                                                                                    Acting United States Attorney

DMD/vlt